UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY S. PITTMAN,
ERIN E. MACK, and
C.J.M., an infant by her proposed Guardian
*ad Litem* JEFFREY S. PITTMAN,

                                        Plaintiffs,                    **25-cv-5006** (ALC)
                    -against-
                                                                      **OPINION & ORDER**
PANDORA MEDIA, LLC,
DITTO LTD (TRADING AS DITTO MUSIC),
AND
SIRIUS XM HOLDINGS INC.,

                                        Defendants.

**ANDREW L. CARTER, JR., United States District Judge:**

   *Pro se* Plaintiffs Jeffrey S. Pittman, Erin E. Mack, and C.J.M., an infant by her proposed

Guardian ad Litem Jeffrey S. Pittman, brought this action in the Supreme Court of the State of

New York, County of New York, Index No. 156048/2025, against Defendants Pandora Media,

LLC, Ditto Ltd (trading as Ditto Music), and Sirius XM Holdings Inc. alleging defamation,

business disparagement, breach of contract, and tortious interference. Defendants removed this

case inappropriately, so this Court remanded the case back to state court. The Court granted

Plaintiffs leave to file a motion for sanctions pursuant to Rule 11 of the Fed. R. Civ. Pro. After

careful review, Plaintiffs' motion is **DENIED,** and Defendants' request for attorneys' fees is

**DENIED.**

1

**BACKGROUND**

## I.    Factual Background

On June 13, 2025, Defendants removed this case from state court. Plaintiffs' Motion for Sanctions ("Pl. Mot." at 2.). Plaintiffs noticed the case had been removed June 16, 2025 and scheduled a call to discuss with Defendants on the evening of June 17, 2025. *Id*. at 3. During the call, Defendants said they would agree to a joint stipulation to remand if Plaintiffs agreed to waive their statutory right to seek costs, which Plaintiffs refused. *Id.*

The Court remanded the action to state court and awarded costs in the amount of $104.24 pursuant to Section 1446. ECF Nos. 25, 26.

## II.    Procedural History

On May 8, 2025, Plaintiffs filed a Complaint in Supreme Court of the State of New York, County of New York. On June 13, 2025, Defendants removed the case to this Court. ECF No. 1. On June 18, 2025, Defendants filed a motion to remand the case back to state court. ECF No. 8. On June 20, 2 days after the defendants filed a motion to remand, Plaintiffs served Defendants with a 21-day safe harbor notice. On June 30, 2025, the Court ordered the case be remanded to state court, finding that it lacked subject matter jurisdiction. ECF No. 26. On July 17, 2025, Plaintiffs filed a letter with the Court ahead of their anticipated motion for sanctions. ECF No. 29. On July 31, 2025, the Court granted a briefing schedule for Plaintiffs' motion for sanctions. ECF No. 30.

Plaintiffs filed their motion for sanctions on August 18, 2025. ECF No. 31. Defendants filed their Opposition on September 4, 2025. ECF No. 32. On September 9, 2025, Plaintiffs filed their Reply. ECF No. 35. Oral argument would not be helpful; neither side has requested it.

**STANDARD OF REVIEW**

Pursuant to Rule 11(b), "[b]y presenting to the court a pleading, written motion, or other paper," a filing party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . it is not being presented for any improper purpose" and that "the factual contentions [therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Pro. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. Pro. 11(c)(1); *Checkmate.com, Inc. v. Vasan*, No. 25-CV-3181 (JMF), 2026 WL 310656 (S.D.N.Y. Feb. 5, 2026).

Rule 11 has a safe harbor provision that requires a party serve its notice of motion for sanctions more than 21 days before it files the motion. In addition, the motion must be made separately from any other motion and describe the specific conduct that allegedly violated Rule 11(b). Fed. R. Civ. P. 11(c)(2); *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012).

"Even where a court finds that Rule 11 has been violated, the decision whether or not to impose sanctions is a matter for the court's discretion." *Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 336 (S.D.N.Y. 2025) (internal citations omitted). "It is well settled

that the imposition of sanctions is reserved for "extreme cases." *Id*. (citing *Sorenson v. Wolfson*, 170 F. Supp.3d 622, 626 (S.D.N.Y. 2016), *aff'd*, 683 F. App'x. 33 (2d Cir. 2017)).

## DISCUSSION

### A.  Rule 11 Sanctions Are Not Warranted

Plaintiffs move for Rule 11 sanctions based on what they characterize as Defendants' frivolous removal. In support of their position, Plaintiffs cite *Mintz & Gold LLP v. Daibes*, where Judge Englemeyer imposed $10,000 in sanctions because Defendants removed a case four years late, likely to avoid an adverse ruling from the state's Appellate Division. No. 15 CIV. 1218 PAE, 2015 WL 2130935 (S.D.N.Y. May 6, 2015), aff'd, 643 F. App'x 35 (2d Cir. 2016). Plaintiffs allege that Defendants removed this case to gain an upper hand in forcing Plaintiffs to waive their statutory rights. Pl. Mot. at 6. Additionally, Plaintiffs allege that Defendants' motion to remand was not in good faith. *Id.*   Defendants concede that they made an error in removing this case but contend that Rule 11 sanctions are not warranted because they took corrective action promptly by filing a motion on their own to remand the case to state court, five days after they had removed it. Defendants' Opposition to Plaintiffs' Motion for Sanctions ("Deft. Opp.") at 1.  This corrective action occurred prior to Plaintiffs' moving for sanctions. *Id*. In support, Defendants cite to *Thompson v. Steinberg*, a case where the Court noted that while Rule 11 doesn't specify exactly what corrective action looks like, if the alleged violation is corrected, even if informally, the party should  be within the safe harbor provision. No. 21-2444-CV, 2023 WL 353359, (2d Cir. Jan. 23, 2023). Defendants argue they were well within the safe harbor provision. The Court agrees.

Even if the safe harbor provision didn't shield Defendants from Rule 11 sanctions, the Court, in its discretion, would not impose sanctions. The purpose of Rule 11 sanctions is

4

deterrence. "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Second Circuit does allow sanctions for frivolous removals. *See Four Keys Leasing & Maintenance Corp. v. Simithis,* 849 F.2d 770, 773 (2d Cir.1988). The removal here was improper because it was apparent from the outset that Defendant Sirius XM Holdings Inc. has a principal place of business in New York, New York, as listed in Defendant's removal papers (ECF No. 1), such that the Forum Defendant Rule (18 U.S.C. Sec. 1441(b)(2)) applied and was violated by Defendants.

While the Court is concerned by Plaintiffs' allegations, the Court is not required to impose sanctions. The Court does not find the current set of facts analogous to the cases Plaintiffs cite where several years had passed before defendants filed for removal, clearly those defendants' removals were far more frivolous.

To quote Judge Lynch,

The Court is sympathetic to [Defendant's] claims that the safe harbor provision allows a lawyer with an ulterior motive to launch sneak attacks from a protected inlet. But it declines the invitation to use [] purely fortuitous technical failure to make it back to port in time to embark on its own attempt to determine just how frivolous [an action] might have been. Similarly, it declines the opportunity to arbitrate which party's actions have diverted judicial resources for political ends more egregiously.

*Thompson v. Winnick (In re Global Crossing, Ltd. Sec. Litig.),* 221 F.R.D. 394, 397.

Rule 11 sanctions should be used sparingly.

Plaintiffs also claim that sanctions are warranted due to a pattern of misconduct by Defendants. For example, during the Court's June 30, 2025 telephonic conference, Defendants admitted that they did not send Plaintiffs prompt written notice to remove the case and that their prior written representation to the Court claiming they had sent an email to Plaintiffs was false. Defendants claim they conflated an email relating to the removal petition with an email related to

Defendant's motion to remand. Defendants corrected this error, stated in their opposition brief, filed on September 4, 2025, within the 21-day safe harbor timeframe. In any event, the Court in its discretion chooses not to impose sanctions under Rule 11. Defendants conduct was sloppy, but not rising to the level of a Rule 11 sanction. The Court has already imposed costs under Section 1446 and finds that appropriate here. Therefore, Plaintiffs' motion for sanctions is denied.

### B. Defendants' Request for Attorneys' Fees Is Denied

Defendants request attorneys' fees because they argue that Plaintiffs' motion for sanctions was baseless given that Defendants corrected their actions quickly and the Court indicated during the telephonic conference that it was not inclined to grant Plaintiffs' motion. Rule 11(c)(2) allows the prevailing party in a motion for sanctions to recover "the reasonable expenses, including attorney's fees, incurred for the motion." The Court denies Defendants' request. Plaintiffs' motion for sanctions based on an improper removal and a pattern of misstatements/misconduct is unsuccessful. But the Court is not convinced that Plaintiffs' decision to file the motion for sanctions was "transparently" for the improper purpose of "exact[ing] an unjust settlement." Deft. Mot. at 9. Every motion filed by a party could be considered a way of leveraging settlement; this is different from "unjust settlement." The Court disagrees with Defendants' arguments and does not find that financially burdening *pro se* Plaintiffs is warranted here. As previously stated, sanctions should be used sparingly.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion is **DENIED** and Defendants' request for attorneys' fees is **DENIED.**

**SO ORDERED.**

6

**Dated: March 11, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**